UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**DONNIE A. LONG,**

        Plaintiff,        Case No. 2:18-cv-597

  -v.                           **Judge Sarah D. Morrison**
                                 **Chief Magistrate Judge Elizabeth P. Deavers**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

        Defendant.


## **OPINION AND ORDER**

Plaintiff Donnie A. Long brings this action under 42 U.S.C. § 405(g) for review of a final decision by the Commissioner of Social Security ("Commissioner") to deny his application for disability insurance benefits. This matter is before the Court on Mr. Long's Objections (ECF No. 20) to the Report and Recommendation (R&R) issued by the United States Magistrate Judge on July 29, 2019 (ECF No. 19), recommending that the Court overrule Mr. Long's Statement of Specific Errors and affirm the Commissioner's decision. For the reasons set forth below, the Court **OVERRULES** Mr. Long's Objections, **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision.

**I.    BACKGROUND**

    **A.    Procedural History**

Mr. Long filed his application for disability insurance benefits on December 12, 2014. (R. at 170–73, ECF No. 7-5.) His claims were denied initially on April 14, 2015, and upon reconsideration on June 12, 2015. (*Id.* at 93–96, 100–06, ECF No. 7-4.) Mr. Long requested a *de*

*novo* hearing before an administrative law judge ("ALJ"), which was held on May 30, 2017. (R. at 45–62, ECF No. 7-2.) On August 17, 2017, the ALJ issued his decision finding that Mr. Long was not disabled within the meaning of the Social Security Act. (R. at 16–29, ECF No. 7-2.) On April 17, 2018, the Appeals Council denied Mr. Long's request for review and affirmed the ALJ's decision. (R. at 1–6, ECF No. 7-2.)

Mr. Long filed this case on June 19, 2018 (ECF No. 4), and the Commissioner filed the administrative record on September 17, 2018 (ECF No. 7). Mr. Long filed a Statement of Specific Errors (ECF No. 11), to which the Commissioner responded (ECF No. 15), and Mr. Long filed a Reply (ECF No. 17). On July 29, 2019, the Magistrate Judge issued her R&R. (ECF No. 19.) After a thorough analysis, the Magistrate Judge recommended affirming the Commissioner's non-disability finding. On August 12, 2019, Mr. Long filed his Objections to the R&R. (ECF No. 20.) On August 14, 2019, the Commissioner filed his Response to Plaintiff's Objections. (ECF No. 21.)

**B.     Relevant Record Evidence**

Given the Magistrate Judge's thorough R&R, only a small portion of the background evidence need be highlighted here. Because Mr. Long's first objection relates to the report of Dr. Deborah Koricke, that is where the Court begins. Dr. Koricke examined Mr. Long on September 27, 2016. (R. at 1130, ECF No. 7-9.) This examination occurred almost one year after the date Mr. Long was last eligible for disability insurance benefits, September 30, 2015. (R. at 19, 48, ECF No. 7-2.)

Mr. Long was referred to Dr. Koricke to examine whether he suffered from "residual psychological effects" as a result of his previously diagnosed shoulder injuries and depression. (R. at 1130.) This was the only time that Dr. Koricke examined Mr. Long, and she did not

2

provide treatment to him. (*Id.*) Dr. Koricke concluded that Mr. Long had reached Maximum Medical Improvement ("MMI"), meaning that improvements in his mental health had plateaued. (R. at 1134.) She also concluded that Mr. Long had reached MMI as of the date of her evaluation because her conclusion was "largely based on presentation at the time of the evaluation." (*Id.*)

The ALJ does not explicitly mention Dr. Koricke's report in his findings. (*See* R. at 19–29.) While this does not mean that the ALJ did not consider Dr. Koricke's report, the Court assumes this to be the case for purposes of this opinion.

Mr. Long's second objection relates to his obesity. As a part of his initial application, when Mr. Long was asked to list all physical or mental conditions that limited his ability to work, he listed the following: left shoulder pain, depression, high blood pressure, an ulcer, and learning disabilities. (R. at 258, ECF No. 7-6.) He did not mention obesity. (*Id.*) When the ALJ asked Mr. Long to identify all of the problems that he has, Mr. Long identified his shoulder injuries and high blood pressure. (R. at 48–49.) When asked if he had any other problems, Mr. Long responded, "That's it." (R. at 49.) Mr. Long has not identified anything more than cursory mentions of his weight in the record, and he has identified no medical conclusions regarding what disabling effect his obesity might have, if any. (*See* ECF No. 20, at 4–5.)

## II. STANDARD OF REVIEW

When reviewing an ALJ's decision, the Court's role is limited to determining whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

## III. ANALYSIS

In his Statement of Specific Errors, Mr. Long makes two arguments in support of his efforts to reverse the ALJ's decision—1) that the ALJ failed to consider the mental health opinions in the record and 2) that the ALJ failed to consider Mr. Long's obesity. (ECF No. 11, at 7, 11.) Mr. Long has since abandoned a portion of his first argument, implicitly acknowledging in his objections that the ALJ did explicitly consider two of the three mental health opinions at issue. (*See* ECF No. 21, at 2–3.) He now objects only to the ALJ's failure to consider explicitly Dr. Koricke's opinion. (*Id.*) The Court now addresses this objection, as well as the argument pertaining to Mr. Long's obesity.

### A. Dr. Koricke's Opinion

It is not improper for an ALJ to fail to consider a medical source that is not a "treating source." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). A medical source is "a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition.'" *Id.* (alteration in original) (quoting 20 C.F.R. § 404.1527). Because Dr. Koricke evaluated Mr. Long only once and did not provide any treatment to him, she is not a treating source, and the ALJ was not required to consider her report.

There is also a second, independent reason why the ALJ could properly have disregarded Dr. Koricke's report. "A claimant must have sufficient quarters of coverage to be entitled to disability insurance benefits." *Hauck v. Comm'r of Soc. Sec.*, No. 2:16-cv-970, 2017 WL 3276019, at *4 (S.D. Ohio Aug. 2, 2017) (citing 42 U.S.C. § 423(a)(1)(A), (c)(1)), *report and*

4

*recommendation adopted*, No. 2:16-cv-970, 2018 WL 1557248 (S.D. Ohio Mar. 30, 2018). The claimant is no longer entitled to disability benefits after his insured status expires. *Id.*

As a result, an ALJ need not consider evidence that arises after the claimant's insured status expires. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value."); *Lowery v. Comm'r of Soc. Sec.*, 886 F. Supp. 2d 700, 716 n.8 (S. D. Ohio 2012) ("[T]he ALJ generally only considers evidence from the alleged disability onset date through the date last insured."). Such evidence is only potentially relevant if it examines the claimant's condition prior to the date of expiration. *Hauck*, 2017 WL 3276019, at *4. *But see Strong*, 88 F. App'x at 845 ("[S]uch a retrospective and conclusory opinion is not entitled to significant weight because it is not supported by relevant and objective evidence.").

Because Dr. Koricke evaluated Mr. Long one year after the expiration of his insured status and because she explicitly based her conclusions on that day's evaluation, the ALJ was not required to consider her opinion. Mr. Long argues that Dr. Koricke's evaluation is not "completely irrelevant to the relevant time period" because she relied on medical records from the relevant time period. (ECF No. 20, at 3.) That fact is beside the point. Dr. Koricke explicitly stated that she was drawing her conclusions based on her September 2016 evaluation. She stated: "As I evaluated Mr. Long today, it is my opinion that his MMI status should be *the date of this evaluation*." (R. at 1134 (emphasis added).) Even assuming that the ALJ failed to consider Dr. Koricke's opinion, it was not error.

### B. Mr. Long's Obesity

"The claimant bears the ultimate burden to prove by sufficient evidence that [he] is entitled to disability benefits." *Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir.

5

2013). Part of "that burden is the duty to produce the medical evidence necessary to substantiate his claim . . . ." *Hackle v. Colvin*, No. 1:12-CV-145, 2013 WL 1412189, at *10 (S.D. Ohio Apr. 8, 2013). "Only under special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record." *Trandafir*, 58 F. App'x at 115. The burden of proof remains on the claimant and only shifts to the Commissioner at the fifth step of the sequential review. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) ("[I]t is not unfair to require a claimant to prove the extent of his impairments.").

Mr. Long treats the ALJ's failure to evaluate his obesity as a Step Two issue. It is not. It is a pre-sequential review issue altogether. Given the lack of any special circumstances, it was Mr. Long's burden to put forth sufficient evidence to prove that his obesity contributed to his disability. He had ample opportunity to do so but never mentioned his obesity in his initial application for benefits, at the ALJ hearing, or anywhere else in the record until presenting his claim to this Court.

The ALJ had no duty to analyze whether Mr. Long's obesity was disabling when neither he nor his doctors "offered any evidence to suggest that [his] weight was a significant impairment." *See Cranfield v. Comm'r of Soc. Sec.*, 79 F. App'x 852, 857 (6th Cir. 2003). As a result, the ALJ was not required to conduct the sequential review as to Mr. Long's obesity at all. *See id.* Mr. Long fails to grapple with *Cranfield*, a Sixth Circuit case that is exactly on point, and cites no cases to support his position.

Instead Mr. Long relies on Social Security Ruling ("SSR") 02-01p. However, SSR 02-01p "does not mandate a particular mode of analysis." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). Nor does this ruling "create a separate procedure requiring the

6

Commissioner to consider obesity in every case." *Austin v. Comm'r of Soc. Sec.*, 714 F. App'x 569, 573–74 (6th Cir. 2018). Given that neither Mr. Long nor his medical evidence gave any indication that his obesity was in any way disabling, the ALJ had no cause to consider it, and the failure to do so was not error. *See, e.g.*, *Lowe v. Colvin*, No. 2:12-0035, 2016 WL 1171024, at *5 (M.D. Tenn. Mar. 25, 2016) ("[T]here is no evidence in the record suggesting that Plaintiff's obesity caused any functional limitations . . . ."); *Allen v. Colvin*, No. 3:10-cv-01024, 2014 WL 1775564, at *21 (M.D. Tenn. Apr. 29, 2014) ("[I]t is the plaintiff's burden to prove the extent of his functional limitations resulting from obesity."); *Benson v. Astrue*, No. 1:10CV1654, 2011 WL 6122944, at *9 (N.D. Ohio Nov. 15, 2011) ("Where, with respect to an obesity claim, a claimant fails, as required by 20 C.F.R. 404.1512(a), to furnish medical and other evidence that the SSA can use to reach conclusions about the claimant's medical impairment and its effect on the claimant's ability to work on a sustained basis, an ALJ has no obligation to address the claim.").

Accordingly, the Court adopts the Magistrate Judge's conclusions that it was not error for the ALJ to disregard Dr. Koricke's opinion (assuming he did so) or to fail to consider Mr. Long's obesity. The Court concludes that substantial evidence supports the ALJ's decision denying benefits and **OVERRULES** Mr. Long's objections.

## IV.   CONCLUSION

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that Mr. Long's objections to the R&R are without merit. The Court, therefore, **OVERRULES** Mr. Long's objections (ECF No. 20), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **ENTER**

**JUDGMENT** in accordance with this Order and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**